Wetzel HICKS, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

Civ. No. C–67–93–E.

United States District Court
N. D. West Virginia.

Dec. 6, 1967.

C. Donald Robertson, Atty. Gen., of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

The Petitioner, Wetzel Hicks, is currently serving an indeterminative sentence of 2 to 15 years for arson in the first degree, following his conviction upon a plea of guilty entered in the Common Pleas Court of Cabell County, West Virginia. Sentence was imposed on March 3, 1967, and after exhausting available state remedies, the Petitioner seeks Federal habeas corpus relief in this Court under the provisions of 28 U.S.C. § 2254.

The Petitioner's grounds for relief relate to the failure of the State to aver certain facts in the indictment. He complains that no value or ownership of the property was alleged in the indictment. He also complains that the indictment does not inform him of the nature of the offense, and that it does not charge arson, and is therefore null and void. Because of these omissions in the indictment, the Petitioner contends that he has been denied due process of law.

The West Virginia Code provision applicable here is found in Section 61–3–1:

Any person who wilfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel

thereof, or belonging to or adjoining thereto, whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than two nor more than twenty years. (Michie 1966).

This statute, together with other companion provisions, has changed the common law crime of arson [1] in some respects. It should be noted that under the West Virginia statute the value of the dwelling house is not material. In this respect the statutory offense is the same as the common law offense.

The value of the property burned was not an element of the offense of arson at common law, and it is not material under a statute which does not specify that the property burned shall be of a particular value. 5 Am.Jur.2d Arson § 18.[2]

While an element of the crime of arson at common law was that the house burned be that "of another,"[3] this element has been changed by statute in West Virginia. The West Virginia statute provides, "whether the property of himself or of another." [4] Therefore, because of the nature of the West Virginia statute the ownership of the property is not essential as an element of the crime. However, it may be used as a helpful method of identifying the property, the subject of the arson. In this respect ownership is relevant only for identification purposes, and if the property is otherwise sufficiently described to give the accused notice, then the indictment is sufficient without the allegation of ownership.

The indictment in the instant case identifies the property by house number and street address which is sufficiently descriptive.[5] In addition, the Petitioner does not claim that he was unaware of the identity of the property that he was accused of burning.

Petitioner's next two claims insist that the state court indictment does not inform him of the nature of the offense and that it does not charge arson. The indictment contains all the statutory elements of arson in the first degree and is substantially in the statutory form as prescribed in West Virginia Code, § 62–9–8. "It is generally sufficient to charge a statutory crime in the language of the statute." State v. Huffman, 69 W.Va. 770, 772, 73 S.E. 292, 293 (1911).[6]

The final ground is that Petitioner was denied due process of law. It appears this general allegation is based upon four contentions above designated and resolved. Since those claims were found to be without merit, and there is nothing further to demonstrate a deprivation of the Petitioner's constitutional rights, this allegation must also fail.

For the reasons set forth herein the prayer of the petition will be denied and an order will be entered dismissing this civil action from the docket.

1. "Common-law arson is the malicious burning of the dwelling house of another." Perkins, Criminal Law 172 (1957). See also 2 Michie Jur.Va. & W.Va. Arson § 1.

2. See also 6 C.J.S. Arson §§ 7, 22.

3. Wharton, Criminal Law & Procedure § 401 (Anderson ed. 1957); Perkins, Criminal Law 182 (1957).

4. See 5 Am.Jur. Arson § 39.

5. "The indictment must describe the building with such particularity that it will inform the accused as to what building is meant." 2 Michie Jur.Va. & W.Va. Arson § 6. See also 6 C.J.S. Arson § 20; 5 Am.Jur. Arson § 38.

6. One of the claims in State v. Huffman was that the indictment must allege the separate value of the building and property therein. The statute involved in that case provided a different penalty for arson of a building and property of a combined value in excess of $100.00 and one of less value. In disposing of this contention the court said the statute did not require that the value be charged separately. Petitioner here in his traverse cites this case in support of his contention that value need be alleged, but because this is entirely a different statute from the one involved in his case, the case is not pertinent to the issue here.